No. 679

SONGER v. FAULKNER

Ohio Appeals, 3rd Dist., Crawford County

No. 1133.     Decided May 17, 1927.

7. ASSIGNMENT FOR CREDITORS—Not necessary to validity of presentation of claim to assignee for benefit of creditors, that affidavit mentioned in 11137 GC. be filed at time of such presentation.

Error to Common Pleas.
Judgment reversed.

**First Publication of this Opinion**

CROW, J.

The petition alleges that W. H. Songer made an assignment for the benefit of his creditors, to J. W. McCarron, as assignee, who qualified and later resigned, and J. E. Faulkner was appointed trustee, and as such is defendant herein. W. H. Songer, the assignor, was a debtor of plaintiff at the time of the assignment. Plaintiff presented his itemized statement of claim to McCarron as assignee, showing the nature of his claim and the debt of assignor to him and the amount thereof. It is alleged that McCarron, as assignee, waived the making and filing of an affidavit to said claim. When McCarron resigned as assignee, he delivered said plaintiff's claim over to defendant as trustee, and later defendant rejected said claim in these words, by writing them on said claim as presented: "April 9, 1926. This claim is rejected. J. E. Faulkner, trustee of W. H. Songer, assignor."

The defendant answered said petition admitting his trusteeship, but denied owing said claim, and the cause came on for trial. Plaintiff, at time of trial, offered to prove his claim, whereupon defendant objected to the offering of any proof for the reason that the petition did not state a cause of action. The objection was sustained, and plaintiff excepted to the ruling and prosecuted error to this court of appeals.

The trial court held that the petition did not sate a cause of action for the reason that it did not allege that the affidavit required by section 11137 GC., had been made and filed.

The Court of Appeals held:

1. That the trial court erred in sustaining said objection to said petition for the reason that section 11137 GC. does not require the making and filing of an affidavit before a claim is allowed, but that it only requires such affidavit "at some time before a payment has been made on a claim which has been allowed." That such affidavit may be made contemporaneous with the presentation of the claim, or subsequent thereto.

2. "That claimant upon whom is imposed the duty to make and file the affidavit, may do so either prior or subsequent to allowance of the claim, but before payments are made on the claim."

3. "When a claim has been presented to an assignee, his first duties in relation thereto, are to receive, consider, and allow or reject as the path of duty may lead. He might reject without a reason, whether because of no verification, or on account of any other fact not relating to the actual existence of the claimed indebtedness; claimant's right of action would thereupon accrue."

4. "It is not necessary to the validity of the presentation of a claim to an assignee for the benefit of the creditors, that the affidavit mentioned in Sec. 11137 GC., be filed at the time of such presentation."

Judgment reversed.

(Hughes and Justice, JJ., concur.)

Attorneys—O. W. Kennedy for defendant; C. F. Schaber for plaintiff, both of Bucyrus, Ohio.